# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2020

Lyle W. Cayce
Clerk

No. 19-60277
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAHIM WILLIAMS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:17-CR-13-1

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Rahim Williams appeals the 120-month, guidelines sentence imposed following his guilty plea to being a felon in possession of a firearm, contending that the district court committed procedural error by applying the first degree murder cross-reference through U.S.S.G. § 2K2.1(c)(1)(B). Williams argues that the testimony adduced at the sentencing hearing failed to sufficiently

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60277

establish that he used the gun in question to shoot and kill Stephanie Mejia three days prior to his arrest.

In light of forensic evidence linking the gun recovered from Williams to Mejia's murder, evidence placing Williams in the vicinity of Mejia's murder at the relevant time, and the recorded police statement of Mercedez McCarty, Williams's ex-girlfriend, detailing his admission to shooting and killing Mejia, the district court's finding that a preponderance of the evidence established Williams's guilt is plausible in light of the record as a whole. *See United States v. Nava*, 624 F.3d 226, 229 (5th Cir. 2010); *United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010). While Williams points to his and his sister's alibi testimony as well as McCarty's testimony that her inculpatory police statement was coerced, the court found all three witnesses' courtroom testimony wholly lacking in credibility, and "[w]e will not second guess the district court's factual findings as to the credibility of witnesses." *United States v. Garza*, 118 F.3d 278, 283 (5th Cir. 1997). In any event, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Hebert*, 813 F.3d 551, 560 (5th Cir. 2015) (internal quotation marks and citation omitted); *see also United States v. Vargas-Ocampo*, 747 F.3d 299, 303 (5th Cir. 2014) (en banc) (rejecting "equipoise rule" in criminal cases addressing guilt or innocence (and, thus, having a higher burden than at sentencing)).

Williams fails to show error in applying the § 2K2.1(c)(1)(B) cross-reference in this case. *See United States v. Carey*, 589 F.3d 187, 196 (5th Cir. 2009). The judgment is AFFIRMED.